1  Craig J. Mariam (SBN 225280)
   Email: cmariam@gordonrees.com
2  Eric A. Caligiuri (SBN 260442)
   Email: ecaligiuri@gordonrees.com
3  Hazel M. Pangan (SBN 272657)
   Email: hpangan@gordonrees.com
4  GORDON & REES LLP
   633 W. 5th Street, 52nd Floor
5  Los Angeles, CA 90071
   Telephone: (213) 576-5000
6  Facsimile: (877) 306-0043

7  Attorneys for defendant
   GG Digital, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| MAVRIX PHOTO, INC., a Florida corporation, | ) Case No. SACV12-00435 JST (JPRx) |
|---|---|
| Plaintiff | ) Honorable Josephine Staton Tucker |
| v. | ) **DEFENDANT GG DIGITAL, INC.'S ANSWER TO THE FIRST AMENDED COMPLAINT** |
| GG DIGITAL, INC., a Delaware corporation; and DOES 1-10 inclusive, | ) **DEMAND FOR JURY TRIAL** |
| Defendants. | ) *FILED CONCURRENTLY WITH:* |
| | ) *(1) DEFENDANT'S NOTICE OF INTERESTED PARTIES;* |
| | ) *(2) DEFENDANT'S MOTION TO TRANSFER VENUE.* |

**TO THIS HONORABLE COURT, TO ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendant GG Digital, Inc. ("GG Digital") hereby responds to plaintiff Mavrix Photo, Inc.'s ("Mavrix") First Amended Complaint ("FAC") as follows:

///

## Jurisdiction and Venue

1. GG Digital lacks sufficient information or belief as to whether plaintiff owns a valid and enforceable copyright under the Copyright Act; however, to the extent plaintiff does own a valid and enforceable copyright under the Copyright Act, GG Digital admits that this Court has subject matter jurisdiction over plaintiff's copyright infringement claim.

2. GG Digital admits that it is subject to the specific personal jurisdiction of this Court for this matter only; however, GG Digital denies that it is subject to the general personal jurisdiction of this Court.  GG Digital asserts that venue is more properly had in other Judicial Districts, and that this matter should be transferred to such Judicial Districts in the interests of convenience and fairness.

## Parties

3. GG Digital lacks sufficient information or belief to answer the allegations relating to plaintiff's principle place of business and state of incorporation, and on that ground denies the allegations in Paragraph 3 of the FAC.

4. GG Digital admits that is incorporated under the laws of the state of Delaware and has a principle place of business located at 50 Broadway Street, Suite 1008, New York, New York, 10004.

5. GG Digital admits that it owns and operates the website: www.globalgrind.com ("GlobalGrind").

6. GG Digital lacks sufficient information or belief to answer the allegations of Paragraph 6 of the FAC and on that ground denies those allegations.

7. GG Digital lacks sufficient information or belief to answer the allegations of Paragraph 7 of the FAC and on that ground denies those allegations.

## Facts Common To All Counts

8. GG Digital lacks sufficient information or belief to answer the allegations of Paragraph 8 of the FAC and on that ground denies those allegations.

1  9.  GG Digital admits that it purports the GlobalGrind website to be "the 'eyes, ears, and voice' of its 'evolved segment of users (18-49 years old)' by providing its audience with an 'all encompassing site that provides a platform for an active, multicultural audience to consume and interact with compelling content and unique digital experiences.'"  GG digital denies that it has reproduced, distributed, or displayed photographs belonging to Mavrix on the GlobalGrind website without Mavrix's permission, consent, or license, and denies any and all other allegations in Paragraph 9 of the FAC.

10.  Paragraph 10 of the FAC contains legal conclusions for which no response by GG Digital is necessary.  To the extent portions of Paragraph 10 are not legal conclusions, GG digital denies that it has reproduced, distributed, or displayed photographs belonging to Mavrix on the GlobalGrind website without Mavrix's permission, consent, or license.  GG Digital lacks sufficient information or belief to answer any remaining allegations of Paragraph 10 of the FAC and on that ground denies those allegations.

11.  Paragraph 11 of the FAC contains legal conclusions for which no response by GG Digital is necessary.  To the extent portions of Paragraph 10 are not legal conclusions, GG digital denies that it has reproduced, distributed, or displayed photographs belonging to Mavrix on the GlobalGrind website without Mavrix's permission, consent, or license.  GG Digital lacks sufficient information or belief to answer any remaining allegations of Paragraph 11 of the FAC and on that ground denies those allegations.

12.  Paragraph 12 of the FAC contains legal conclusions for which no response by GG Digital is necessary.  To the extent portions of Paragraph 12 are not legal conclusions, GG digital denies that it has reproduced, distributed, or displayed photographs belonging to Mavrix on the GlobalGrind website without Mavrix's permission, consent, or license.  GG Digital lacks sufficient information

or belief to answer any remaining allegations of Paragraph 12 of the FAC and on that ground denies those allegations.

13. GG Digital lacks sufficient information or belief to answer the allegations of Paragraph 13 of the FAC and on that ground denies those allegations.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501)

14. GG Digital incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

15. GG Digital lacks sufficient information or belief to answer the allegations of Paragraph 15 of the FAC and on that ground denies those allegations.

16. GG Digital denies the allegations of Paragraph 16 of the FAC.

17. GG Digital denies the allegations of Paragraph 17 of the FAC.

18. GG Digital denies the allegations of Paragraph 18 of the FAC.

19. GG Digital denies the allegations of Paragraph 19 of the FAC.

20. GG Digital lacks sufficient information or belief to answer the allegations of Paragraph 20 of the FAC and on that ground denies those allegations.

21. GG Digital lacks sufficient information or belief to answer the allegations of Paragraph 21 of the FAC and on that ground denies those allegations.

22. Paragraph 22 of the FAC contains legal conclusions for which no response by GG Digital is necessary. To the extent portions of Paragraph 22 are not legal conclusions, GG digital denies the allegations of Paragraph 22 of the FAC.

23. Paragraph 23 of the FAC contains legal conclusions for which no response by GG Digital is necessary. To the extent portions of Paragraph 23 are

1  not legal conclusions, GG digital denies the allegations of Paragraph 23 of the
2  FAC.
3      24.    Paragraph 24 of the FAC contains legal conclusions for which no
4  response by GG Digital is necessary.  To the extent portions of Paragraph 24 are
5  not legal conclusions, GG digital denies the allegations of Paragraph 24 of the
6  FAC.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, GG Digital sets forth the following matters constituting an avoidance or affirmative defense:

### First Affirmative Defense
(License)

1.  Plaintiff's claims are barred in whole or in part by licenses, express and implied, granted or authorized to be granted by plaintiff.

### Second Affirmative Defense
(Consent or Acquiescence)

2.  Plaintiff's claims are barred in whole or in part by plaintiff's consent and acquiescence to GG Digital's use.

### Third Affirmative Defense
(Fair Use)

3.  Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

### Fourth Affirmative Defense
(Failure to Mitigate)

4.  Plaintiff's claims are barred in whole or in part because plaintiff has failed to mitigate his damages, if any.

**Fifth Affirmative Defense**

(Laches)

5. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**Sixth Affirmative Defense**

(Waiver)

6. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**Seventh Affirmative Defense**

(Estoppel)

7. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**Eighth Affirmative Defense**

(Unclean Hands)

8. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**Ninth Affirmative Defense**

(Substantial Non-infringing Use)

9. Plaintiff's claims are barred in whole or in part by the doctrine of substantial non-infringing use, although GG Digital submits that plaintiff bears the burden of proving the doctrine's inapplicability.

**Tenth Affirmative Defense**

(Invalidity and Unenforceability of Copyright)

10. Plaintiff's claims are barred in whole or in part because one or more of plaintiff's copyrights are invalid and/or unenforceable.

### Eleventh Affirmative Defense

(Lack of Subject Matter Jurisdiction)

11. Plaintiff's claims are barred in whole or in part for lack of subject matter jurisdiction to the extent that plaintiff lacks valid registrations for the intellectual property rights asserted.

### Twelfth Affirmative Defense

(Abandonment and Forfeiture)

12. Plaintiff's claims are barred in whole or in part to the extent that plaintiff has forfeited or abandoned the intellectual property being asserted herein.

### Thirteenth Affirmative Defense

(Failure to Register)

13. Plaintiff's claims are barred in whole or in part to the extent that plaintiff has not properly or timely registered its works with the U.S. Copyright Office.

### Fourteenth Affirmative Defense

(Fraud)

14. On information and belief, plaintiff's claims are barred in whole or in part because plaintiff engaged in fraud on the Copyright Office in its application for registration by misstating authorship, ownership, and/or making and incorrect deposits. Plaintiff's misrepresentations were material, and the copyrights would not have been registered without the misrepresentations.

### Fifteenth Affirmative Defense

(Standing)

15. Plaintiff's claims are barred in whole or in part to the extent that plaintiff lacks standing to assert the intellectual property rights being asserted herein as plaintiff may not be the actual or equitable owner of the asserted intellectual property.

## Sixteenth Affirmative Defense

(Misuse of Copyright)

16. Plaintiff's claims are barred by the doctrine of misuse of copyright.

## Seventeenth Affirmative Defense

(Innocent Intent)

17. Plaintiff's claims are barred in whole or in part because GG Digital's conduct was in good faith and with non-willful intent, at all times.

## Eighteenth Affirmative Defense

(Unconstitutionality)

18. The statutory damages sought by plaintiff is unconstitutionally excessive and disproportionate to any actual damages that may have been sustained, in violation of the Due Process Clause.

## Nineteenth Affirmative Defense

(Statute of Limitations)

19. Plaintiff's claims are barred in whole or in part to the extent that they are barred by the statute of limitations.

## Twentieth Affirmative Defense

(First Amendment)

20. Plaintiff's claims are barred in whole or in part to the extent that GG Digital's actions and speech are protected by the First Amendment of the Constitution of the United States.

## Twenty-first Affirmative Defense

(DMCA Safe Harbor)

21. Plaintiff's claims are barred in whole or in part because GG Digital is protected by one or more of the DMCA Safe Harbors in 17 U.S.C. § 512.

**Twenty-second Affirmative Defense**

(Preemption by Communications Decency Act)

22. Plaintiff's copyright claim is preempted by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c).

**Twenty-third Affirmative Defense**

(Wire Service Defense)

23. Plaintiff's copyright claim is preempted by the Wire Service Defense.

WHEREFORE, GG Digital prays for judgment as follows:

1. That plaintiff Mavrix Photo, Inc. takes nothing by its claims as against defendant GG Digital, Inc.;

2. That all claims be dismissed in their entirety with prejudice as against defendant GG Digital, Inc.;

3. For judgment in favor of defendant GG Digital, Inc.;

4. That defendant GG Digital, Inc. be awarded all fees and costs associated with the claims against defendant GG Digital, Inc.;

5. That the Court award such other and further relief as it deems just and proper.

Respectfully submitted,

Dated: May 14, 2012                    GORDON & REES LLP


By:   */s/ Eric A. Caligiuri*
      Craig J. Mariam
      Eric A. Caligiuri
      Hazel Mae B. Pangan
      Attorneys for defendant GG
      Digital, Inc.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rules of Civil Procedure Rule 38(b), GG Digital demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: May 14, 2012

GORDON & REES LLP

By: */s/ Eric A. Caligiuri*
Craig J. Mariam
Eric A. Caligiuri
Hazel Mae B. Pangan
Attorneys for defendant GG Digital, Inc.

| | |
|---|---|
| 1 | Craig J. Mariam (SBN 225280) |
| | Email: cmariam@gordonrees.com |
| 2 | Eric A. Caligiuri (SBN 260442) |
| | Email: ecaligiuri@gordonrees.com |
| 3 | Hazel M. Pangan (SBN 272657) |
| | Email: hpangan@gordonrees.com |
| 4 | GORDON & REES LLP |
| | 633 W. 5th Street, 52nd Floor |
| 5 | Los Angeles, CA 90071 |
| | Telephone: (213) 576-5000 |
| 6 | Facsimile: (877) 306-0043 |
| 7 | Attorneys for defendant |
| | GG DIGITAL, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAVRIX PHOTO, INC., a Florida corporation, | Case No. SACV12-00435 JST (JPRx) |
| Plaintiff | Honorable Josephine Staton Tucker |
| v. | **CERTIFICATE OF SERVICE** |
| GG DIGITAL, INC., a Delaware corporation; and DOES 1-10 inclusive, | |
| Defendants. | |

I am over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP, 633 W. 5th Street, 52nd Floor, Los Angeles, California 90071. On May 14, 2012, I served the within document:

**DEFENDANT GG DIGITAL, INC.'S ANSWER TO THE FIRST AMENDED COMPLAINT**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California addressed as set forth below.

☒ **BY ELECTRONIC FILING**. I hereby certify that on May 14, 2012, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

| | | |
|---|---|---|
| 1 | Peter R. Afrasiabi, Esq. | **Attorneys for Plaintiff** |
| 2 | One LLP | |
| | West Tower | |
| 3 | 4000 MacArthur Blvd., Suite 1100 | |
| | Newport Beach, CA  92660 | |
| 4 | Tel.: (949) 502-2870 | |
| | Fax: (949) 258-5081 | |
| 5 | Email: pafrasiabi@onellp.com | |
| 6 | John E. Lord, Esq. | |
| | One LLP | |
| 7 | Media Center | |
| | 301 Arizona Avenue, Suite 250 | |
| 8 | Santa Monica, CA  90401 | |
| | Tel.: (310) 866-5157 | |
| 9 | Fax: (949) 258-5081 | |
| | Email: jlord@onellp.com | |
| 10 | | |

11  I am readily familiar with the firm's practice of collection and processing
12 correspondence for mailing.  Under that practice it would be deposited with the
13 U.S. Postal Service on that same day with postage thereon fully prepaid in the
14 ordinary course of business.  I am aware that on motion of the party served, service
15 is presumed invalid if postal cancellation date or postage meter date is more than
16 one day after the date of deposit for mailing in affidavit.

17  I declare under penalty of perjury under the laws of the United State of
18 America that I am employed in the office of a member of the Bar of this Court at
19 whose direction the service was made.

20  Executed on May 14, 2012.

21

22                                    *Sylvia Owen*
                                      Sylvia Owen